No. 92-467

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

THE TRAVELERS COMPANIES,

       Plaintiff and Respondent,

v.

RONALD RAY MEYER, also known as
RON R. MEYER; and CHARLIE BEUHNER,

       Defendants and Appellants.



FILED

MAY 20 1993

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Fifteenth Judicial District,
In and for the County of Daniels,
The Honorable M. James Sorte, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:

        James B. Wheelis, Montana Legal Services
        Association, Kalispell, Montana

    For Respondent:

        Laura Christoffersen, Christoffersen &
        Kniermin, P.C., Wolf Point, Montana

Submitted on Briefs:  February 18, 1993

Decided:  May 20, 1993

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellants Ronald Ray Meyer and Charlie Beuhner appeal from the amount of damages awarded plaintiff Travelers Companies for reimbursement for the cost of repairing damage to the gymnasium floor of the Scobey Public School, Daniels County School District No. 1 (School District).

Reversed and remanded for proceedings in accordance with this opinion.

There are two issues on appeal:

1. Did the District Court err in admitting respondent's Exhibits No. 1 and No. 2 relating to the cost of the damage that appellants caused to the gymnasium floor?

2. Did the District Court err in awarding respondent the $1000 deductible that had actually been paid by the school district?

At the end of August 1989, appellants vandalized the gymnasium of the school district. Appellants acknowledged the damage of a broken window, graffiti-painted walls, and water damage to the gymnasium floor, but disputed the amount of damages attributed to their vandalism.

Before repairing the gymnasium floor, the school district sought bids from Big Sky Custodial Supplies for repair of the damage, or in the alternative, replacement of the entire floor. After consideration, the school district decided to replace the

2

entire floor by combining their own funds with the insurance proceeds paid them by respondent for damage caused by appellants.

At trial, witnesses testified that although parts of the gymnasium floor were in poor condition before the vandalism, the floor was usable. No one contested the fact that after the vandalism the floor needed to be repaired. The school board chairman testified that the school board had no plans to replace the gymnasium floor prior to the vandalism.

While appellants admit responsibility for the vandalism and that the vandalism caused damage, they claim the amount they owe for the damage is $1717.90, rather than the $5950 claimed by respondent. Therein lies the factual dispute.

I

Did the District Court err in admitting respondent's Exhibits No. 1 and No. 2 relating to the cost of the damage that appellants caused to the gymnasium floor?

The court admitted Exhibits No. 1 and No. 2 over the objections of defense counsel that the exhibits were hearsay and there was no proper foundation laid for their admission under Rule 602, M.R.Evid. The record before us is not clear, but it does show that the school board chairman was allowed to testify about the contents of Exhibit No. 1, without establishing that he had any personal knowledge of the figures listed therein, and no other witnesses were called to testify as to the authenticity of Exhibit No. 1.

3

Exhibit No. 2 was a letter from the school superintendent to the county attorney itemizing costs allegedly resulting from the vandalism. Again, over the objections of defense counsel, Exhibit No. 2 was admitted, even though neither the superintendent nor the county attorney were called to testify at the trial and the record does not indicate that there was a proper foundation laid for the admission of Exhibit No. 2. Rule 602, M.R.Evid.

The court found that the amount of vandalism attributable to appellants was $5950. In determining the award due to respondent, the District Court reviewed the information contained in Exhibits No. 1 and No. 2 which were not properly admitted into evidence. The District Court abused its discretion, and therefore, we reverse on Issue I.

II

Did the District Court err in awarding respondent the $1000 deductible that had actually been paid by the school district?

Respondent paid the school district the amount of damages attributable to the appellants' vandalism, less the $1000 deductible, but the District Court inadvertently awarded respondent the full amount. The District Court erred when it awarded the deductible to respondent.

Reversed and remanded for further proceedings in accordance with this opinion.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as

4

precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

May 20, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

James B. Wheelis
Montana Legal Services Assoc.
33-2nd St. E.
Kalispell, MT 59901

Laura Christoffersen
Gallagher, Archambeault & Knierim
P.O. Box 997
Wolf Point, MT 59201

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy